# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY CARDINALI,**

       **Plaintiff,**

**v.**                                                **Case No. 04-C-1197**

**KENOSHA UNIFIED SCHOOL DISTRICT, and KENOSHA UNIFIED SCHOOL DISTRICT SCHOOL BOARD,**

       **Defendants.**

## DECISION AND ORDER

Nancy Cardinali ("Cardinali") sued the Kenosha Unified School District ("KUSD") and the Kenosha Unified School District School Board ("KUSDB") (collectively the "Defendants"), alleging a violation of Title VII of the Civil Rights Act of 1964. The Defendants filed a motion for summary judgment, which is now pending before this Court.

### BACKGROUND

Beginning in August 1999, Nancy Cardinali was the Head Custodian at Lakeview Technology Academy ("Lakeview"). (Defendants' Proposed Findings of Fact ("DPFOF")

1

¶ 3).[1] Lakeview is owned and operated by KUSD. (*Id.* at ¶ 4.) William Hittman ("Hittman") was the principal at Lakeview, and supervised Cardinali. (*Id.* at ¶ 7.)

During the 2002-2003 school year, Hittman directed Cardinali to perform certain tasks that Cardinali deemed "unpleasant" and "undesirable." (Plaintiff's Proposed Findings of Fact ("PPFOF") ¶¶ 7-8.) Specifically, Hittman asked Cardinali to pick up cigarette butts, remove snow around the school, clean bird droppings off the windows, and pick up trash. (*Id.* at ¶ 8.) Hittman generally gave these orders to Cardinali with the expectation that she would either do the tasks herself or delegate the tasks to her custodial staff. (DPFOF ¶ 13.)

As the relationship between Cardinali and Hittman became increasingly strained, Cardinali decided to submit a written complaint with KUSD's Personnel Department on November 15, 2002. (*Id.* at ¶ 30.) In her complaint, she listed numerous grievances, lamenting that Hittman would often assign her demeaning work and get angry with her at inappropriate times. (*Id.*) (Cardinali Dep., pp. 41-43, Ex. 5.) She never alleged in her written complaint that Hittman, or anyone at KUSD, discriminated against her because of her sex. (*Id.*)[2]

---

[1] Civil Local Rule 56.2(b)(1) required Cardinali to respond to the Defendants' Proposed Findings of Fact, but she failed to do so. The Court will assume, therefore, that the facts alleged by the Defendants are undisputed. *See Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 992 (7th Cir. 2002).

[2] Cardinali represents in her response brief that the written complaint she submitted to the Personnel Department alleged that the "poor treatment from Mr. Hittman was based on gender." (Plaintiff's Response Brief, p. 5.) She also represents in her response brief that the written complaint to the Personnel Department "emphasized her belief that the discrimination was based on sex." (*Id.* at p. 3.) That is patently false. Cardinali never even hinted at sex discrimination in her complaint to the Personnel Department. The complaint only contained a list of what she perceived to be demeaning work assignments and disrespectful conduct inflicted by Hittman, but it never alleged sex discrimination.

2

On November 18, 2002, Jean Cole, who was the Human Resource Coordinator for KUSD, received Cardinali's written complaint. She deemed the complaint an expression of Cardinali's concerns regarding "her working relationship with Mr. Hittman, the tasks she was being asked to perform, the expectations of Mr. Hittman and her duty to perform these extra tasks being assigned to her." (Cole Aff. ¶ 2.) She did not find in the complaint any "allegations of gender discrimination or harassment on account of Ms. Cardinali's gender." (*Id.* at ¶ 4.)

On December 3, 2002, Cole began an investigation into the issues raised by Cardinali's complaint. (*Id.*) She met with Hittman and two other custodians who worked at Lakeview, and discovered that there was some confusion concerning the nature of Hittman's role at Lakeview, the expected interaction between Hittman and Cardinali, and which tasks were properly performed by custodians. (*Id.*)

On December 12, 2002, Cole organized a meeting with Hittman, Cardinali, and Steve Mastronardi ("Mastronardi"), who was the Operations Supervisor. (*Id.* at ¶ 5.) Cole directed Cardinali to follow the directions given to her by Hittman and to contact Facilities only when Hittman gave her tasks that were outside her responsibilities as Head Custodian. (*Id.*)[3]

On January 22, 2003, Cardinali participated in a pre-disciplinary meeting regarding concerns about her work performance. (DPFOF ¶ 44.) Specifically, Cardinali's supervisors alleged Cardinali developed a poor working relationship with her fellow custodians. (*Id.* at

---

[3] The parties never defined "Facilities," other than that it consists of Mastronardi and Mastronardi's supervisors, Patrick Finnemore.

3

¶ 43.) The problems persisted, and on February 11, 2003, Patrick Finnemore, who was the Director of Facilities, issued a written reprimand to Cardinali, warning her that if she did not improve, she would be transferred and demoted. (*Id.* at ¶ 49.)

On April 16, 2003, Mastronardi and Hittman completed a performance evaluation of Cardinali. (*Id.* at ¶ 56.) The evaluation outlined perceived performance shortcomings, particularly Cardinali's inability to effectively communicate with her staff and to build a harmonious working relationship. (*Id.*)

On September 2, 2003, Mastronardi and Hittman completed another performance evaluation of Cardinali. (*Id.* at ¶ 73.) The evaluation claimed that Cardinali continually failed to follow directions and had significant communication problems with her staff. (*Id.*) As a result, Mastronardi and Hittman recommended that Cardinali be transferred and demoted. (*Id.* at ¶ 75.) Based on their recommendation, KUSD demoted and transferred Cardinali to Tremper High School as a custodian on second shift. (*Id.* at ¶ 79.)

On December 16, 2004, Cardinali filed suit, alleging that the adverse employment action by KUSD was a retaliation in violation of Title VII.

## STANDARD OF REVIEW

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact"

4

is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

**DISCUSSION**

Title VII prohibits employers from retaliating against employees for complaining about discrimination or other practices that may violate Title VII. *See* 42 U.S.C. § 2000e-

5

3(a). Cardinali argues that she is entitled to relief under the "indirect method" of proving retaliation. Under the indirect method, Cardinali must first establish her prima facie case showing that she (1) engaged in statutorily protected activity; (2) met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *See Moser v. Indiana Dep't of Corrs.*, 406 F.3d 895, 903 (7th Cir. 2005).

Cardinali failed to meet the first element of her prima facie case. There is no evidence that Cardinali engaged in statutorily protected activity, that is, there is no evidence that she ever expressed her belief that KUSD was discriminating against her on the basis of her sex. *See Miller v. Am. Family Mutual Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000).

Cardinali argues, though, that she made allegations of sex discrimination in the written complaint she submitted to the Personnel Department on November 15, 2002. After reading the complaint, it is difficult to understand how Cardinali could even make such a claim. Cardinali never even hinted at sex discrimination in her written complaint. She merely listed a host of grievances she had with Hittman regarding her work assignments and the perceived disrespectful nature in which he treated her. She never claimed in her complaint that any of her grievances resulted from sex discrimination.

Cardinali also alleges that she wrote multiple letters to Mastronardi about her belief that Hittman was discriminating against her because of her sex. (PPFOF ¶ 14.) However, when asked about these alleged letters, Cardinali could not recall any of the specific letters

6

she wrote. (Cardinali Dep., pp. 50-51.) Nor did she present any copies of these alleged letters. Furthermore, Mastronardi stated that he did not receive any complaints from Cardinali in which she alleged sex discrimination. (DPFOF ¶ 40; Mastronardi Aff. ¶ 11.)

Merely alleging, without any supporting evidence, that she sent letters to Mastronardi is not sufficient to create a triable issue of fact. *See Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment."). That is particularly true here, because Cardinali did not even respond to the Defendants' Proposed Findings of Fact, which included Mastronardi's claim that he did not receive complaints from Cardinali alleging sex discrimination. (DPFOF ¶ 40.)

Cardinali's failure to present appropriate evidence supporting her allegation that she engaged in protected expression under Title VII defeats her retaliation claim. Accordingly, the Defendants' motion for summary judgment is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' Motion for Summary Judgment (Docket No. 20) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2006.

                               **BY THE COURT**

                               s/ Rudolph T. Randa
                               **Hon. Rudolph T. Randa**
                               **Chief Judge**